IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN AUSTIN | : | CIVIL ACTION |
| | : | NO.  11-2847 |
| v. | : | |
| | : | |
| LEON HILL, et. al. | : | |

O'NEILL, J.                                                                       July 7, 2014

**MEMORANDUM**

     In preparation for trial in the above captioned matter, plaintiff has filed four motions in limine and defendants have filed one motion in limine.  Presently before me are these five motions and all responses and replies thereto.  For the following reasons I will grant in part plaintiff's motion to exclude evidence of his criminal and sexual history.  I will grant plaintiff's motions to exclude the Fuls Report, to exclude comments about defendants' feelings about being sued, and to preclude golden rule comments.   I will also deny defendants' motion to exclude photographs of Austin's injuries.

**BACKGROUND**

     Plaintiff asserts claims against defendants Leon Hill and Jamie Brannon pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Dkt. No. 23 at 12-14.  He alleges that defendants failed to protect him from an assault by a fellow inmate, Eugenio Torres, while incarcerated at Graterford prison on May 3, 2009.  Id.  Austin contends that he was attacked because Torres regarded him as a "snitch" after Austin reported to Officer Brannon that Torres was involved in an unrelated altercation on May 2, 2009.  Dkt. No. 35-1 (Austin Dep.) at 31:3-4. After Austin made this report Brannon took no action to separate Torres from Austin.  Dkt. No. 35-2 (Brannon Dep.) at 32:15-19; 41:12-16.  Instead, Austin contends that approximately thirty

minutes later Brannon allowed Torres to distribute clean laundry to the inmates, and that Torres took this opportunity to urinate on Austin's clean laundry before returning it to him.  Dkt. No. 35 at 6.  He further contends that he reported this incident to Hill and articulated his fear that the interference with his laundry constituted an increasing threat to his safety because Torres considered him a "snitch."  Dkt. No. 35-2 (Austin Aff.) at ¶¶ 6-8.  The following day Torres stabbed Austin with a modified razor blade several times, causing severe injuries to his head and face.  Dkt. No. 35-1 (Austin Dep.) at 44:10-21.  Austin contends that defendants' involvement in the events leading up to the attack is evidence of their awareness that he faced a substantial risk of harm from Torres.  Dkt. No. 23 at ¶ 123-127.

Defendants contest Austin's account of the May 2 altercation and Austin's claim that Torres interfered with his laundry and deny that they knew Torres intended to harm Austin.  Dkt. No. 34 at 21.  Instead defendants contend that Torres attacked Austin because Torres was offended by the nature of crimes for which Austin was incarcerated and by Austin's tendency to discuss those crimes in Torres' presence.  Id.  Therefore, defendants claim that Torres's attack on Austin was "unexpect[ed] and without warning."  Dkt. No. 47 at 2.  This theory is supported by evidence, including Officer Fuls' incident report (Dkt. No. 34), Officer Bottieri's deposition testimony (Dkt. No. 35-3 (Botteri Dep.) at 16:10-24)) and investigator Naugle's affidavit of probable cause (Dkt. No. 34 at 80).

## DISCUSSION

## I.    Plaintiff's Motion to Exclude Evidence of Plaintiff's Criminal and Sexual History

Austin has elected not to pursue the Monell claims pled in his amended complaint, citing the "likelihood of prejudice that [he] may suffer from inquiry into the circumstances surrounding [his] classification as a protective custody inmate."  Dkt. No. 52 at 1 n. 1.  Therefore, Austin

contends that evidence of his criminal and sexual history should be excluded because it is not relevant to his failure to protect claims against the individual correctional officers and that any probative value is substantially outweighed by the risk of prejudice to him.  Dkt. No. 53 at 2. Conversely, defendants contend that this evidence continues to be relevant to the issue of defendants' knowledge at the time of the attack and supports their theory that Austin was attacked because of his criminal and sexual history.  I will deny in part plaintiff's motion to exclude evidence of his criminal and sexual history.

Evidence is not admissible unless it makes the existence of any material fact more or less probable.  Fed. R. Evid. 401.  Though plaintiff claims that his criminal and sexual history is "utterly irrelevant" to the instant action, I find instead that some of this evidence is relevant to the central issue of whether defendants knew that Torres posed a substantial risk of harm to Austin. Dkt. No. 53 at 2.  This defense theory makes less probable Austin's contention that defendants' knowledge of and participation in the events following the May 2, 2009 altercation in which Austin implicated Torres demonstrates their disregard of an obviously escalating threat to his safety.  Evidence that supports the theory that Austin was not attacked because he was regarded as a snitch but instead because he was regarded as a sexual deviant is relevant because it tends to rebut plaintiff's assertions that defendants knew of and disregarded a substantial risk of harm to Austin.   Therefore, this evidence will be admitted provided it is offered in proper form.

However, though evidence demonstrating that Torres had a motive other than the one plaintiff claims would have been obvious to defendants is clearly relevant, evidence of Austin's convictions is not.  Because Austin was a pretrial detainee at the time of the attack and had not yet been convicted of the crimes that allegedly offended Torres, the fact of Austin's conviction

could not have motivated Torres even if Austin's charges and Austin's comments about them did. Therefore, evidence showing that Austin was eventually convicted of these crimes is not relevant.

Additionally, without knowing more about the purpose for which defendants intend to offer evidence of Austin's HIV status I cannot determine whether it is relevant. Therefore, I will decline to rule on the admissibility of such evidence at this time.

I may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury. Fed. R. Evid. 403. Though the risk of unfair prejudice is especially high in this case where plaintiff was accused of abhorrent sexual crimes against children, I must weigh that risk against the high probative value of the evidence of his criminal and sexual history that supports defendants' theory that Austin was attacked suddenly rather than in the culmination of an obvious and escalating conflict between Austin and Torres. I find that the risk of unfair prejudice does not substantially outweigh the probative value of this evidence because it bears directly on the elements of plaintiff's claim.

Granting this motion in limine in full would be tantamount to depriving defendants of any opportunity to present evidence in support of their theory that the officers lacked the necessary knowledge of Torres' intent to harm Austin if the attack was spontaneous rather than premeditated. See Lord v. Pa. Nat'l Mut. Cas. Ins. Co., No. 07-1229, 2009 WL 2242364, at *2 (M.D. Pa. July 23, 2009) (denying motion in limine to exclude evidence relevant to defendant's affirmative defense after FRE 403 weighing analysis); see also Davis v. Gen. Accident Ins. Co. of Am., No. 98-4736, 2000 WL 1780235, at *4 (E.D. Pa. Dec. 4, 2000) (denying motion in limine to exclude evidence of defense theory because the "motion in limine seeks to preclude all

evidence that would support the other party's claims").  Therefore, I will deny in part plaintiff's motion to exclude all evidence of plaintiff's criminal and sexual history.  Defendants may present evidence that Austin was charged with committing heinous crimes against children, that he spoke openly about those charges in Torres's presence and that Torres "grew tired" of hearing Austin talk about his criminal charges.  Defendants may not present evidence that Austin was convicted of these crimes.

## II.    Plaintiff's Motion to Exclude Fuls' Report

Plaintiff seeks to exclude the incident report authored by Officer Jill Fuls after Austin's attack.[1]  Dkt. No. 54 at 1.  This document contains her account of her conversation with Torres and her record of his statements describing his motivation for attacking Austin.  Dkt. No. 34 at 69.  Defendants contend that there is no hearsay problem because the Torres statements are offered as evidence of his state of mind at the time of the attack and not for their truth.  Dkt. No. 58 at 4.  However, I agree with plaintiff that even for this limited purpose the Fuls Report must be excluded because the Torres statements were not sufficiently contemporaneous with the attack to be admissible under the hearsay exception for "statements of the declarant's then-existing state of mind (such as motive, intent, or plan) . . ."  Fed. R. Evid. 803(3).

There are three requirements for admissibility under this rule: "the statement must be contemporaneous with the mental state sought to be shown; there must be no circumstances suggesting a motive for the declarant to misrepresent her thoughts; and the declarant's state of mind must be relevant to an issue in the case."  Knit With v. Knitting Fever, Inc., 742 F. Supp. 2d 568, 582 (E.D. Pa. Sept. 27, 2010).  In this case, the Torres statements do not satisfy the

---

[1]    Plaintiff objects to the statements contained in the report because they were "made by two individuals who are not expected to testify at trial."  Dkt. No. 54 at 4.  However, pursuant to my June 26, 2014 Order, the testimony of Correctional Officer Fuls and inmate Ali Davis are permitted at trial.

contemporaneousness requirement because they were not made until 3:30 p.m., approximately five hours after the attack.  Though courts in this district have not attributed an outer limit to the period of separation between the statement and the action that will satisfy the contemporaneous requirement, in <u>Phillips v. Potter</u>, No. 7-815, 2009 WL 3271238, at *3 (W.D. Pa. Oct. 9, 2009), the District Court for the Western District of Pennsylvania cited favorably to the Seventh Circuit's holding that "a statement made four hours after the event to which it related has been held inadmissible as not sufficiently contemporaneous under Rule 803(3)."  <u>Id</u>.  Therefore, because the Torres statements contained in the Fuls report were not made contemporaneously with the attack, the statements are not evidence of Torres's state of mind at the time of the attack. Rather, the statements recorded in the Fuls Report are inadmissible hearsay.  I will grant plaintiff's motion to exclude the Fuls Report because it contains nothing apart from this inadmissible hearsay.

In their response to plaintiff's motion exclude the Fuls Report, defendants "request that the documents identified as potential exhibits by [p]laintiff that contain hearsay statements be excluded . . ."  Dkt. No. 58 at 6.  Since I have excluded the Fuls Report defendants may file a motion specifying the documents that they wish excluded and a brief identifying the reasons for their exclusion.

**III.    Plaintiff's Motion to Preclude Comments and Questions Regarding Defendant's Feelings About Being Sued**

Plaintiff seeks to preclude questioning and exclude statements regarding defendants' feelings about being sued because such evidence is not relevant.  Dkt. No. 50 at 5.  Additionally, plaintiff contends that the risk of undue prejudice to Austin that would result from such testimony substantially outweighs any probative value.  <u>Id.</u>  Defendants claim that these statements should be permitted because they are relevant to plaintiff's punitive damages claim

and may also be appropriate for background and preliminary purposes.  Dkt. No. 50 at 4.

Punitive damages may be awarded under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Alexander v. Riga, 208 F.3d 419, 431 (3d Cir. 2000). Confronted with similar facts in another case I found that defendants' feelings about being sued were irrelevant to the punitive damages inquiry, which requires evidence that "will relate to defendants['] state of mind at the time of the incident and not to their feelings after the fact." Diaz v. Aberts, No. 10-5939, 2013 WL 2322485, at *10 (E.D. Pa. May 28, 2013).

In this case, defendants' feelings about being sued are similarly irrelevant to any material fact of plaintiff's claim.  Such evidence will not make more or less probable whether defendants were aware of a substantial risk of harm to Austin or whether they purposefully disregarded that risk.  Defendants' feelings about being sued are neither relevant to the question of liability nor to the potential availability or amount of punitive damages.  Therefore, I will grant plaintiff's motion in limine to exclude such statements because they do not satisfy Rule 401.

## IV.   Plaintiff's Motion to Preclude Golden Rule Comments by Defense Counsel

Plaintiff seeks to preclude any "Golden Rule" comments by defense counsel that invite jurors to place themselves in defendants' position.  Dkt. No. 51 at 2.  Plaintiff cites to similar cases in which defense counsel has tried to "put [the jury] in the officer's shoes . . . the shoes in which they're to be judged . . . ", described the jury's option to "essentially be corrections officers" during the trial and instructed jurors to "place yourselves in the shoes of the officers." Dkt. No. 51 at 3-4.

Many courts have held that asking a jury to put itself in the defendant's position is improper because it encourages the jury to decide the case on personal interest and emotion

7

rather than on the evidence.  See, e.g., Waite v. Neal, 918 F. Supp. 133, 134 (E.D. Pa. 1996),

("remarks which are not supported by the evidence and which are designed to appeal to the

jury's prejudice or passion such as the golden rule argument are also improper . . . "); United

States v. Roman, 492 F. 3d 803 (7th Cir. 2007), ("[the] proposed [Golden Rule] argument was

correctly foreclosed . . . "); Caudle v. District of Columbia, 707 F. 3d 354, 359 (D.C. Cir. 2013)

("A golden rule argument – which asks jurors to place themselves in the position of a party – is

universally condemned because it encourages the jury to depart from neutrality . . .") (citations

omitted).  The Court of Appeals has held, however, that "the use of a 'Golden Rule' argument is

rendered harmless either by an immediate curative instruction or by a complete final instruction

to the jury." Edwards v. City of Phila., 860 F.2d 568, 547 (3d Cir. 1988).  But such remedial

measures are not always possible when repeated golden rule violations have occurred.  Waite,

918 F. Supp. at 134 ("the cumulative effect of [multiple instances of improper argument] cannot

be overlooked").

      I recently addressed this issue in another case to which both parties have cited.  Diaz v.

Aberts, No. 10-5939, 2013 WL 2322485, at *10-11 (E.D. Pa. May 28, 2013).  Though it is true

that "the Court of Appeals unambiguously held that, in cases where such advocacy is employed a

clear and complete jury instruction on the elements of the claim asserted and on the allocation of

the burdens of proof, whenever given, is sufficient to cure harm caused by a Golden Rule

argument," Diaz, 2013 WL 2322485 at *11, after further consideration I agree with plaintiff that

I need not grant any party license to cause a harm merely because I may later cure it with a jury

instruction.  The risk of allowing an accumulation of improper statements to create a harm that

would be insufficiently remedied by a curative instruction mitigates against allowing such

statements before a jury at all.  Therefore, I will grant plaintiff's motion to preclude Golden Rule comments during trial.

### V.   Defendants' Motion to Preclude Photographs Depicting the Injuries Sustained by Plaintiff During May 3, 2009 Incident

Defendant seeks to preclude photographs depicting the injuries sustained by Austin during the May 3, 2009 attack.  Dkt. No. 46 at 3.  Pursuant to my "broad discretion to determine the admissibility of relevant evidence in response to an objection under Rule 403" I may exclude these photographs if defendants demonstrate that the potential for prejudice substantially outweighs their probative value.  United States v. Lopez, 271 F.3d 472, 482 (3d. Cir. 2001).  Defendants have not satisfied this burden.

The Rule 403 balancing test begins with the proposition that "all evidence is inherently prejudicial; it is only unfair prejudice substantially outweighing probative value that permits exclusion of relevant evidence under Rule 403."  United States. v. Scarfo, 711 F. Supp. 1315, 1330 (E.D. Pa. Apr. 20, 1989).   The photographs at issue depict the severe wounds that resulted from Austin being attacked by Torres with a modified razor blade.  However, they are not especially graphic and do not offer additional details or circumstances beyond Austin's actual injuries that would inflame or prejudice the jury.  See, e.g., Conlon v. Trans. Nat. Trucking, LLC, 506 F. App'x 185 (3d Cir. 2012) (holding that even photographs that "revealed a good deal of blood" did not "unfairly inflame the jury's passion or invoke its emotions").

Defendants request bifurcation of the trial in order to "avoid the prejudicial effect of the photos during the liability phase of the trial."  Dkt. No. 46 at 4.[2]  Bifurcation may be appropriate when evidence is relevant to damages but irrelevant and highly prejudicial as to liability.  Plaza-Bonilla v. Cortazzo, No. 07-2045, 2009 WL 977297 (E.D. Pa. Apr. 9, 2009).  The photographs

---

[2]   Defendants' request for bifurcation appears in a footnote to their motion in limine to exclude photographic evidence.  Dkt. No. 46 at 4.

are clearly relevant to damages because they show the type and extent of Austin's injuries. However, plaintiff has not demonstrated that the photographs are also relevant to the issue of liability.[3]   Regardless, because the photographs are not highly prejudicial I will not bifurcate the trial.  The risk of unfair prejudice from admitting the photographs is minimal, especially considering that defendants do not contest the truth of what the photographs show – that Austin was indeed attacked and suffered injuries to his face and head – and because the jury will be exposed to the details of Austin's injuries through other testimony.  Any prejudice that could result from admission of the photographs is not undue prejudice, therefore bifurcation is not necessary.  Id. at *3.  Because these photos are relevant and not unduly prejudicial I will deny defendants' motion to exclude them.

An appropriate Order follows.

---

[3]      Plaintiff contends that "[t]he photographs of [p]laintiff's injuries corroborate [p]laintiff's expressed fear that Torres would stab [p]laintiff . . . and they undermine [d]efendant's claim that Torres acted 'without warning.'"  Dkt. No. 64 at 4.  This conclusory statement does not demonstrate how these photos are relevant to the issue of liability.  Presenting evidence that plaintiff's fears eventually came to fruition does not inform the issue of whether defendants had notice of any substantial risk of harm to Austin and/or whether they disregarded that risk.